## AGNEW v. KIMBALL.

### No. 7772; December 23, 1885.

**9 Pac. 91.**

Sale—Instructions.—For Misleading and Contradictory Instruction as to the effect of the sale of personal property which was not in vendor's possession, and not accompanied by change of possession, judgment reversed.

APPEAL from Superior Court, County of Mendocino.

Wilson & Otis and T. B. Bond for appellant; T. L. Carothers, L. D. Latimer and C. C. Hamilton for respondent.

ROSS, J.—The defendant claimed that the logs, for the conversion of which he was sued, were orignially the property of Clark & Rutherford, and were by them sold to one A. H. Rutherford, and by the latter sold to the defendant. They were logs cut in the forests of Mendocino county, to be converted into lumber, and were, at the time of the sale under which the defendant claims, as well as at the time of the execution sale under which the plaintiff claims, scattered for a distance of several miles along the stream of water by which they were to be conveyed to the mill. The court below instructed the jury:

"If the jury believe from the evidence that there was a sale of the logs by Clark & Rutherford or A. H. Rutherford to the defendant, but that such sale was not followed by an immediate delivery and by an actual and continued change of possession thereof, then such sale was void as against the plaintiff. If the evidence shows that the owners of the logs sold them for a valuable consideration to Kimball, and that the logs were not in actual possession of the settlers at the time of sale, it was not necessary that the sale should have been accompanied by an immediate delivery, and followed by an actual and continued change of possession, to make the sale good and valid, and to transfer the title of them to Kimball; and, in connection with this, I will say that the sale, without such immediate possession, was a good sale, as

between the seller and buyer, but might not be good as against creditors.   I don't say that it would not, but it might not be. I charge you that before a sale of the logs could have been made to Kimball, the defendant, the party selling to him must have been in the actual possession thereof, and must have actually delivered them to the defendant, in order for the sale to be good against the creditors of the party selling.''

These instructions were clearly contradictory and misleading.   Judgment and order reversed and cause remanded for a new trial.

.We concur: McKee, J.; McKinstry, J.